**BROTHERHOOD MUTUAL INSUR-ANCE COMPANY, a foreign corporation doing business in Arizona, Plaintiff—Appellee,**

v.

**CHURCH MUTUAL INSURANCE COMPANY, a foreign corporation doing business in Arizona, Defendant—Appellant.**

Nos. 01–17268, 02–16608.

D.C. No. CV–99–01585–JAT.

United States Court of Appeals, Ninth Circuit.

Argued June 11, 2003.

Submitted Sept. 9, 2003.

Decided Sept. 26, 2003.

---

Gregg H. Temple, Esq., Phoenix, AZ, for Plaintiff–Appellee.

Thomas H. Crouch, Esq., Meagher & Geer, Scottsdale, AZ, for Defendant–Appellant.

Before GRABER, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM *

Plaintiff Brotherhood Mutual Insurance Company brought this action for equitable contribution against Defendant Church Mutual Insurance Company, seeking to recover half the amount that Plaintiff spent to defend and settle lawsuits brought against entities and individuals insured by both Plaintiff and Defendant. The district court granted Plaintiff's motion for summary judgment.

1. We assume without deciding that the Defendant's umbrella policy dropped down to the primary coverage layer. Even with this drop down coverage, Plaintiff cannot seek equitable contribution. No "occurrence" triggered Defendant's umbrella policy because the policyholders intended the harm they caused. *Ohio Cas. Ins. Co. v. Henderson,* 189 Ariz. 184, 939 P.2d 1337, 1344 (1997).

2. Defendant issued a director, officer, and trustee liability policy to the insureds even though Defendant knew of allegations of fraud against the insureds' directors and officers. To protect itself, Defendant added a manuscript exclusion that explicitly precluded coverage for wrongful acts arising from the operation of Paradise Valley Estates. Plaintiff's argument that the exclusion was limited to only certain kinds of claims is refuted by the sweeping text of the exclusion. Because all the claims made in the underlying litigation arise from the operation of Paradise Valley Estates, the exclusion applies and the insureds are not entitled to coverage under Defendant's director, officer, and trustee liability policy. It follows that Plaintiff is not entitled to equitable contribution based on this policy.

3. Finally, Defendant issued multi-peril policies that provided "counseling coverage" for liability arising from the insureds' counseling activities. The allegations in the underlying litigation reveal that some of the plaintiffs may have relied on the insureds' fraudulent representations simply because the persons making them were ministers. Further, Paradise Valley Estates was being touted as a Christian retirement community designed to provide for its residents' spiritual needs.

Even if those allegations could form the basis of coverage, however, exclusions provide that the counseling liability coverage does not apply to "injury resulting out of a wilful violation of a penal statute or ordinance" and does not apply to "any dishonest, fraudulent, or criminal acts or omissions." Because the underlying complaints allege only dishonest, fraudulent, and criminal behavior on the part of the insureds, those exclusions preclude coverage for counseling liability under Defendant's multi-peril policies.

4. In view of our disposition of the appeal on the merits, we also reverse the fee award to Plaintiff.

REVERSED and REMANDED with instructions to enter judgment in favor of Defendant.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.